LEVY, Judge.
George Rodney Timinsky and Patricia D. Timinsky [collectively as “Timinsky”] own two adjacent parcels of real property in Dade County. Timinsky is attempting to re-subdivide the two parcels into three parcels. The property in question is subject to a plat restriction which states: “That no lot as shown on the attached plat shall be divided or re-subdivided, unless both portions of said lot are used to increase the size of the adjacent lots as platted.” The Building and Zoning Department of Dade County advised Timinsky it would not process an application for re-subdivision because of the language in the recorded plat.
Timinsky filed a verified complaint in Circuit Court against Dade County seeking declaratory and injunctive relief. Timinsky alleged that Dade County lacked the authority to enforce the plat restriction and, further, sought a declaration that the restriction is a private one, unenforceable by Dade County. Dade County moved to dismiss on the grounds that the Circuit Court was without subject-matter jurisdiction because Timinsky failed to exhaust all administrative remedies and further that Timin-sky failed to join the remaining subdivision property owners who were indispensable parties and have a material interest in the outcome of the action. Subsequently, Ti-minsky moved for summary judgment, stating in the motion that only the property owners within the subdivision are the true parties in interest and that Timinsky was not required to exhaust all administrative remedies because the County’s actions were “beyond the scope of its authority.”
In response to Timinsky’s Motion for Final Summary Judgment, Dade County submitted various affidavits stating that such *357 a resubdivision, as contemplated by Timin-sky, would be incompatible with the surrounding area and neighborhood and would be in violation of the Code of Metropolitan Dade County [“Code”]. The affidavits also classified the restriction in question as a public restriction and stated that the inclusion of such a restriction on the face of the plat was the County’s common practice. The affidavits further stated that such a resubdivision, as contemplated by Timin-sky, would require the consent of the other property owners within the subdivision. Dade County received neither consent of the other property owners, nor a verified tree survey, as required by the Code.
The trial court granted Timinsky’s Motion for Final Summary Judgment, thereby rejecting Dade County’s argument that the plat restriction was public in nature and not private. The trial court’s Final Summary Judgment declared that Dade County “... may not concern itself ...” with the plat restriction and further required Dade to accept and process Timinsky’s re-subdivision application. The Final Summary Judgment was entered before Dade County filed an answer to the verified complaint. Dade County appeals the trial court’s findings.
Clearly, the appellees are entitled to have their application processed by the County. To that extent, the trial court was correct in ordering the County to accept and process the re-subdivision application.
It was error, however, for the trial court to declare that Dade County “... may not concern itself ...” with the plat restriction in question. Since the said restriction was included in the plat that had been made a part of the public records of the County, the restriction became a public restriction. See Coffman v. James, 177 So.2d 25, 30 (Fla. 1st DCA 1965). As correctly argued by Dade County, as a charter county, Dade County not only has the authority to control the subdivision of property within the County; Dade County has the paramount authority in the area of a land use plan. See Section 163.3174(1)(b), Florida Statutes (1989). Consequently, the County has the authority to control platting of the subdivision, and the re-subdivision, of lands within the County. City of Coconut Creek v. Broward County Board of County Commissioners, 430 So.2d 959, 963 (Fla. 4th DCA 1983).
Accordingly, although the trial court was correct in requiring the County to accept and process the re-subdivision application, this case must be remanded with directions to the trial court to modify the final summary judgment so as to delete the language which prohibits Dade County from considering the restriction in question when the County is evaluating the appel-lees’ application.
In view of the foregoing, we need not address appellant’s remaining arguments.
Affirmed as modified and remanded with directions.