GODERICH, Judge.
The defendant below, Metropolitan Dade County [Dade County], appeals from the trial court’s order granting the plaintiffs’ verified motion to compel compliance with final judgment. We reverse.
This case was previously before this court. In the previous case, Dade County appealed from the final summary judgment which ordered that Dade County’s Building and Zoning Department was required to accept and process George Rodney Timin-sky’s and Patricia D. Timinsky’s [the Timin-skys] re-subdivision application and that Dade County “may not concern itself” with the subdivision’s plat restriction which limited the manner in which the subdivision’s lots could be divided or re-subdivided. This court held that the trial court was correct in holding that the Timinskys were entitled to have their re-subdivision application accepted and processed, but that the trial court erred in declaring that Dade County “may not concern itself” with the plat restriction. Metropolitan Dade County v. Timinsky, 579 So.2d 356, 357 (Fla. 3d DCA 1991) [Timinsky I]. Accordingly, this court affirmed and remanded with directions to modify the final summary judgment to delete the language which prohibited Dade County from considering the restriction when evaluating the application.
On remand, the trial court entered its order entitled “Modification of Final Judgment in Accordance with Mandate of the Third District Court of Appeal.” Thereafter, the Timinskys submitted their re-plat application to Dade County. Dade County accepted and processed the application, but conditioned approval on the Timinskys obtaining approval from the remaining lot owners in the subdivision.
The Timinskys filed a motion to compel compliance with the final judgment arguing that Dade County had failed to comply *267 with this court’s opinion in Timinsky I. The trial court granted the Timinskys’ motion.
We reverse based on our finding that Dade County has complied with the final judgment which was modified to conform with this court’s opinion in Timinsky I. As required by Timinsky I, Dade County accepted and processed the Timinskys’ re-plat application. Additionally, in Timinsky I, this court held that Dade County could “concern itself” with the plat restriction. Accordingly, the trial court erred in finding that Dade County failed to comply with the final judgment.
In light of our decision, we do not need to address Dade County’s remaining arguments.
Reversed.